[L. A. No. 7617. In Bank.—March 1, 1923.]

APARTMENT BUILDING CO. (a Corporation), Petitioner, v. EDWIN M. DAUGHERTY, Commissioner of Corporations of the State of California, Respondent.

CORPORATIONS — PROFIT-SHARING SECURITIES — ILLEGAL INCREASE OF STOCK—MANDAMUS.—On this application for a writ of *mandamus* to compel the state corporation commissioner to pass upon petitioner's application for approval of a plan for issuing profit-sharing securities, it is held that the scheme is one for increasing of the capital stock of the corporation without compliance with the laws relating to such increase of stock.

PROCEEDING in *mandamus* to compel Commissioner of Corporations to pass upon petitioner's application for approval of a plan for issuing profit-sharing securities. Writ denied.

The profit-sharing certificates in question certified that the holders had paid the corporation issuing them certain amounts for use in purchasing real and personal property and improving same; that periodically, when determined by the board of directors, the corporation should render to the registered holders of such certificates accounts of net profits and distribute to them a certain percentage thereof, after which the stockholders should receive dividends of the same percentage, and any remaining surplus should be distributed in equal amounts to certificate-holders and stockholders; certificate-holders not to be liable for any debts of the corporation and certificates to be nonassessable, all business and property to be conducted and controlled by the holders of capital stock and the board of directors; and in case of liquidation profit-sharing certificates to be paid in full at par before any amount is paid stockholders.

Fickeisen & Richardson for Petitioner.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

THE COURT.—This is an application for writ of *mandamus* to compel the respondent to pass upon petitioner's

application for approval of a plan for issuing profit-sharing securities. The attorney-general has held that such profit-sharing securities are in effect preferred stock without the right to vote. In short, that the scheme proposed is a scheme for the increasing of the capital stock of the corporation without compliance with the laws relating to such increase of stock. In this we think he is correct.

Writ denied.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Seawell, J., Kerrigan, J., and Myers, J., concurred.